## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| CHERYL RICHARDSON<br>1731 Delia Avenue<br>Akron OH 44320 | ) CASE NO.:<br>)<br>)<br>) JUDGE<br>) |
| Plaintiff | ) **COMPLAINT**<br>) |
| vs. | )<br>) |
| SUMMA HEALTH SYSTEM<br>525 East Market Street<br>Akron OH 44304 | ) **Jury Demand Endorsed Herein**<br>) |
| Defendant | |

### INTRODUCTION

1.      Plaintiff, Cheryl Richardson ("Richardson"), brings this action against Defendant, Summa Health System ("Summa) for violation of the Age Discrimination in Employment Act (ADEA) 29 U.S.C. §§ 621-634.

### JURISDICTION AND VENUE

2.      Jurisdiction exists, inter alia, under 28 U.S.C. §1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief under any act of Congress providing for the protection of civil rights.

3.     Venue is proper pursuant to 28 U.S.C. §1391, in that a substantial part of the events giving rise to this action occurred within this District.

4.     On or about October 18, 2014, Plaintiff, Richardson, received a "Notice of Right to Sue" from the Equal Employment Opportunity Commission (EEOC), entitling her to commence this action within 90-days of receipt of that notice, a copy of which is attached hereto as Exhibit A and incorporated herein by reference.

5.     Plaintiff, Richardson, has exhausted all administrative remedies available to her and all conditions precedent to the institution of this lawsuit have been fulfilled.

## PARTIES AND BACKGROUND

6.     At all times pertinent to this action, Defendant, Summa, was a corporation organized under the laws of the State of Ohio and was engaged in the operation of a business that provides medical services in northeast Ohio, including Summit County and was doing business with a principal place of business at a location known as 525 East Market Street, in the City of Akron, County of Summit, in the State of Ohio and has continuously had at least 20 or more full time employees.

7.     At all times pertinent to this action, Defendant, Summa was an employer as defined under 42 U.S.C §2000e, *et seq.*

8.     Plaintiff, Richardson, is a resident of the City of Akron, County of Summit, State of Ohio, and was employed by Defendant, Summa as a manager working at the Defendant's facility located at 525 East Market Street, in the City of Akron, County of Summit, State of Ohio.

2

## AGE DISCRIMINATION

9.     Plaintiff Richardson, age 59, was employed with Defendant Summa beginning on January 25, 1977 with her last position being Manager of Imaging Services until the date of her termination on December 13, 2013.

10.    At all times pertinent to this action, Plaintiff Richardson was in a protected class based on her age.

11.    Prior to her date of termination, Plaintiff, Richardson had favorable performance evaluations, was qualified for the position that she held with the Defendant, had the longest period of employment with the Defendant in comparison to other managers in the Radiology Department and Plaintiff had the largest number of employees under her "span of control" in comparison to all other managers in the Radiology Department.

12.    Prior to the Plaintiff's date of termination she had the necessary qualifications and experience to perform the management duties of at least four other manager positions in the Summa Radiology Department.

13.    On or about December 13, 2013 Plaintiff, Richardson was subjected to adverse employment action in that Defendant Summa terminated her employment on that date.

14.    Defendant Summa claimed that it used objective criteria for its reduction in force that resulted in the Plaintiff's termination but in reality Defendant Summa failed to apply objective criteria for the reduction in force and instead delegated complete discretion to the Plaintiff's immediate supervisor, Jeanette Doria, to terminate the Plaintiff

3

who was at that time the oldest manager in the department and substantially older than at least three employees who were similarly situated and who were not subjected to the reduction in force.

15.    At all times relevant to the Plaintiff's termination, Defendant Summa falsely represented that the position of a 66 year old employee in the Plaintiff's organizational unit was not being eliminated when in reality that person had announced her retirement at the end of the calendar year, months before the reduction in force was announced .

16.    At all times pertinent to this action, Defendant Summa did not have a legitimate, nondiscriminatory reason to terminate the employment of Plaintiff, Richardson.

17.    At all times pertinent to this action, Defendant violated the ADEA in that it terminated the Plaintiff not on the basis of non-discriminatory criteria or the existing Summa policy concerning the implementation a reduction in force, but on the basis of the Plaintiff's age.

18.    Defendant's failure to follow its own policies and procedures concerning the Plaintiff's termination demonstrates discriminatory intent towards the Plaintiff which resulted in the termination of the oldest radiology manager and allowed Defendant to retain radiology managers who were substantially younger in age.

19.    At all times pertinent to this action, Defendant Summa acted in a willful manner as defined under the ADEA in that it engaged in the acts of age discrimination alleged above, knowing that its conduct was prohibited by the ADEA, or alternatively, it showed a reckless disregard for whether it was violating the Plaintiff's Federally protected rights.

4

20.     As a direct and proximate result of the Defendant's conduct, Plaintiff,

Richardson has suffered the loss of income, loss of benefits, has experienced severe

emotional distress; loss of self-esteem and will continue to do so for the indefinite future.

WHEREFORE Plaintiff, Richardson demands judgment against Defendant,

Summa as follows:

(a)     Preliminary and permanent injunctions against Defendant and its
        employees, representatives, attorneys and any and all persons acting in
        concert with them, from engaging in each of the unlawful practices, policies,
        customs and usages set forth herein;

(b)     A judgment declaring that the practices complained of herein are unlawful
        and in violation of the Age Discrimination in Employment Act 29 U.S.C. §§
        621-634

(c)     An order reinstating Plaintiff, Richardson to a radiology management
        position with Defendant, Summa, with all of the seniority and other rights and
        benefits also reinstated;

(d)     An award of damages to compensate Plaintiff as a result of the conduct of
        Defendants, including damages for lost compensation, lost benefits, back
        pay, consequential damages, emotional distress, humiliation,
        embarrassment and anguish;

(e)     An award for costs and disbursements incurred in connection with this
        action, including reasonable attorneys' fees, expert witness fees and other
        costs, as provided for by law;

(f)     Pre-judgment and post-judgment interest, as provided by law; and

(g)     Any further relief as this Court finds necessary and proper.

5

LINNEN CO., L.P.A.

By: _s/ Jerome T. Linnen, Jr.,_
JEROME T. LINNEN, JR. (0037894)
Attorney for Plaintiff
789 West Market Street
Akron, Ohio 44303-1010
(330) 258-8000
Fax: (330) 253-8095
jay@linnenlaw.com

## **JURY DEMAND**

Plaintiff hereby demands a trial by a jury of twelve (12) on all issues contained in

this Complaint.

_s/ Jerome T. Linnen, Jr._
JEROME T. LINNEN, JR.
Attorney for Plaintiff

6